**James J. LIOTTA, an individual, Appellant in No. 79–2124**

v.

**NATIONAL FORGE COMPANY, Appellant in No. 79–2252.**

**Nos. 79–2124, 79–2252.**

United States Court of Appeals, Third Circuit.

Argued July 8, 1980.

Decided Sept. 10, 1980.

---

Staughton Lynd (argued), Youngstown, Ohio, M. L. Carr, Erie, Pa., for appellant in No. 79–2124 and cross–appellee in No. 79–2252.

Richard H. Zamboldi (argued), Richard W. Perhacs, Elderkin, Martin, Kelly, Messina & Zamboldi, Erie, Pa., for appellee in No. 79–2124 and cross–appellant in No. 79–2252.

Before SEITZ, Chief Judge, and VAN DUSEN, and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr., Circuit Judge.

The appellant, James J. Liotta, formerly President of the Local 1573 of the United Steelworkers of America, AFL–CIO (the

Union), was discharged from his employment with the National Forge Company (the Company) on March 16, 1976. This followed his participation in a work stoppage at the Company's Erie, Pennsylvania plant which began on March 3, 1976 and ended on March 11, 1976. Liotta filed a grievance pursuant to the terms of the collective bargaining agreement then in effect. His grievance was denied by an arbitrator on August 3, 1976. On March 16, 1978, he filed this action alleging first that his discharge violated the collective bargaining agreement in violation of Section 301 of the National Labor Relations Act, 29 U.S.C. § 185 and that the arbitrator's contrary decision resulted from the Union's breach of its duty of fair representation. Second, he claimed that the Company discharged him because of his espousal of the rights of the Company's black employees, discriminating against him in violation of 42 U.S.C. § 1981. Liotta appeals from the entry of summary judgment for the Company. The Company cross appeals on the ground that Liotta's complaint is barred by the applicable statutes of limitations. We conclude that his claim under Section 301 is time barred, that his claim under 42 U.S.C. § 1981 is not time barred, and that summary judgment was inappropriate on his Section 1981 claim because of the existence of material issues of fact. We will therefore affirm in part and reverse in part.

## I.

The first question we must answer is whether Liotta's Section 301[1] cause of action was untimely and therefore whether the Company's motion to dismiss should have been granted. The Company's motion was based on the ground that Liotta's claims were barred by the three-month statute of limitations of the Pennsylvania General Arbitration Act, Pa.Stat.Ann. tit. 5 § 173 (Purdon 1963). The district court

held that the six-year limitations period for actions upon a contract applied.

We believe the district court erred. In *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192 (1966), the Supreme Court held that "the timeliness of a § 301 suit . . . is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations." Courts within this circuit have consistently applied the three-month limitations period to suits seeking to vacate an arbitrator's award. *Cole v. United Steelworkers*, 441 F.Supp. 1346, 1351 (M.D.Pa.1977), aff'd mem., 588 F.2d 819 (3d Cir. 1978); *Siskey v. General Teamsters, Chauffeurs*, 419 F.Supp. 48, 50 (W.D.Pa. 1976); *UMWA v. Jones & Laughlin Steel Corp.*, 378 F.Supp. 1206, 1211–12 (W.D.Pa. 1974); *International Brotherhood v. Motor Freight Express*, 356 F.Supp. 724, 726 (W.D. Pa.1973).

It is important to identify the nature of Liotta's first cause of action since the three-month statute of limitations of Pennsylvania's General Arbitration Act would apply only where one seeks to vacate an arbitrator's award. A fair reading of Liotta's complaint demonstrates that he seeks to vacate the arbitrator's decision. Paragraph 22 of his complaint alleges that he "was unfairly represented before, during and after Arbitration by the" attorney for the International Union. App., at 10. Paragraph 23 alleges that the "Arbitration itself was improper and unfair." App., at 12. Indeed, he sought to litigate before the district court the same claim he presented for arbitration, that of improper discharge.

Moreover, the fact that Liotta alleges that the arbitration award is invalid due to the Union's breach of its duty of fair representation does not change the limitations period because the suit here is against the Company and not the Union. Thus, it is

---

1. Section 301(a) provides, in relevant part:

(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185.

clear that Liotta was dissatisfied with and simply seeks to upset the arbitrator's decision that the Company did not wrongfully discharge him.

The result we reach comports with the general federal policy favoring arbitration as a means of resolving labor disputes, *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 578, 80 S.Ct. 1347, 1350, 4 L.Ed.2d 1409 (1960), and with the federal labor policy that favors the application of shorter limitations period. In *International Union, UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 707, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), the Supreme Court stated:

> [R]elatively rapid disposition of labor disputes is a goal of federal labor law. Since state statutes of limitations governing contracts not exclusively in writing are generally shorter than those applicable to wholly written agreements, their applicability to § 301 actions comports with that goal.

Courts in other jurisdictions have consistently applied the statute of limitations pertaining to appeals from arbitration awards rather than the longer statute of limitations governing actions bottomed on written contracts when such actions seek to vacate arbitration awards. *E. g. Barbarino v. Anchor Motor Freight, Inc.*, 421 F.Supp. 1003 (W.D.N.Y.1976); *DeLorto v. United Parcel Service, Inc.*, 401 F.Supp. 408 (D.Mass.1975); *Hill v. Aro Corp.*, 275 F.Supp. 482 (N.D.Ohio 1967); *contra, Smart v. Ellis Trucking Co.*, 580 F.2d 215 (6th Cir. 1978), *cert. denied*, 440 U.S. 958, 99 S.Ct. 1497, 59 L.Ed.2d 770 (1979).

We therefore conclude that Liotta's first cause of action seeking review and vacation of the arbitration award was untimely and that the Company's motion to dismiss should have been granted.

**2.** Section 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all

## II.

The next issue we must consider concerns Liotta's claim under 42 U.S.C. § 1981.[2] As a threshold matter, however, we must first address the Company's assertion that this claim is also time barred.

■ As with Section 301, 42 U.S.C. § 1981 provides no explicit period of limitations and courts are bound to apply the most appropriate limitations period provided by state law. *Johnson v. Railway Express Agency*, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975). This court, in *Davis v. U. S. Steel Supply*, 581 F.2d 335 (3d Cir. 1978), held that the six—year statute of limitations for contracts under Pennsylvania law applied to a Section 1981 claim of unlawful discharge. We therefore conclude that Liotta's second cause of action under 42 U.S.C. § 1981 is not barred as untimely.

With regard to the merits of Liotta's Section 1981 claim, the district court granted the Company's motion for summary judgment for the following reasons:

> The only evidence which plaintiff has submitted to the court in support of his allegations is a letter from Bobby Kaigler, Compliance Officer of the Erie Human Relations Commission (EHRC), which states that plaintiff testified before the EHRC on behalf of black complainants who were discharged by defendant and that "It is the belief of this office that Mr. James Liotta was terminated from his job because of his constant fight for 'Equal Rights' of all men." (Plaintiff's summary judgment exhibit 7n). This letter is not an affidavit and it has not been notarized. Consequently, the conclusory "belief" expressed in the letter, which is not based on personal knowledge, is insufficient to create or support an inference that racial discrimination played any part in plaintiff's dis-

laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. 42 U.S.C. § 1981.

charge. *Olympic Junior, Inc. v. David Crystal, Inc.,* 463 F.2d 1141 (3rd Cir. 1972). No genuine issue of material fact supporting plaintiff's claim has been presented by plaintiff's evidence.

*Liotta v. National Forge Company,* 473 F.Supp. 1139 at 1146 (W.D.Pa.1979) *reprinted in* App., at 45–46.

Liotta claims, however, that he also submitted to the district court the charge he filed with the Equal Employment Opportunity Commission (EEOC) listing a number of instances where he encouraged black employees to file charges against the Company. The affidavit which was attached to his EEOC charge and which was also before the court, alleged that the Company discharged him in retaliation for his activities in support of the rights of black employees. Specifically, he averred:

> I have consistently attempted to eliminate discrimination as practiced by Respondent Employer against Black members of Local 1573 of the United Steelworkers of America. The Respondent Company systematically has violated the non–discrimination clause known as Appendix I of the collective bargaining agreement between National Forge and Local 1573. Some of the ways I opposed discrimination, included the following: I encouraged a large number of Union members to report their allegations of discrimination to the Erie Human Relations Commission; since I began duties as President of Local 1573 in October, 1975, I encouraged a number of Black workers to file charges with such Commission, and advised them of my knowledge of the best way to remedy the specific acts they were complaining of. I also fought the company on a day–to–day basis in trying to make conditions fair for all workers. I helped to take a case to arbitration on behalf of Black worker, Dennis Toliver. Shortly before my discharge, I had notified the Respondent Employer that two other grievances of Black workers (the grievances of Troy Johnson and Aaron Clanton) regarding discrimination claims, were going to be fought through the arbitration phase of the grievance procedure.

> I have appeared at a number of hearings of the Erie Human Relations Commission regarding the claims of discrimination by Black workers. Respondent Company has a history of unfair discharges of Black workers, and I have been active in opposing such practices.

App., at 51–52.

█ Our review of this document leads us to conclude that genuine issues of material fact are raised by Liotta's specific allegations. These are matters that clearly are in dispute and they are material because if proven they could support a finding that the Company's actions against Liotta were motivated by a racial animus.

█ In addition, contrary to the Company's argument, it is clear that Liotta has set forth specific facts, not merely conclusory allegations of wrongdoing by the Company. Moreover, the Company has not denied that these documents were in fact before the district court as part of the record. Instead, the Company challenges the EEOC affidavit as not complying with the technical requirements of Fed.R.Civ.P. 56(e) in that it was not alleged to be based on personal knowledge. That this argument is specious is evident from a reading both of the affidavit and of Rule 56(e). First, Rule 56(e) does not require that the affiant state affirmatively that the averments are based on personal knowledge. Rather, the Rule provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

A reading of Liotta's EEOC affidavit shows that it was "made on personal knowledge," "set[s] forth . . . facts as would be admissible in evidence," and "show[s] affirmatively that [he] is competent to testify to matters stated therein."

The fact that these allegations may not be proved at trial if the jury chooses to believe the Company is irrelevant at this stage. What is relevant is that the parties

have focused on specific, pertinent issues of fact and disagree strenuously about them. We therefore conclude that summary judgment was inappropriate and that the case should be remanded on the Section 1981 claim. *See Bryson v. Brand Insulations, Inc.*, 621 F.2d 556 (3d Cir. 1980).

### III.

Accordingly, we will affirm the district court's judgment as to Count I of the appellant's complaint. We will reverse the district court's grant of summary judgment on the appellant's Section 1981 claim and remand for further proceedings.