**Norman ENGELSBERG, Plaintiff,**

v.

**TRANSCON LINES, INC., Line Drivers, Pickup and Delivery Teamsters Local 741, Teamsters Joint Council No. 28, the Western Conference of Teamsters, and the Labor Management Committee for the States of Washington and Idaho, Defendants.**

**No. C80–1067C.**

United States District Court, W. D. Washington.

Jan. 20, 1982.

John Cronin, Seattle, Wash., for plaintiff.

Bruce D. Corker, Perkins, Coie, Stone, Olsen & Williams, Seattle, Wash., for defendant Transcon Lines, Inc.

Thomas K. Cassidy, Hafer, Cassidy & Price, Seattle, Wash., for defendant Harry James Reynolds, Jr.*

George H. Davies, Vance, Davies, Roberts, Reid & Anderson, Seattle, Wash., for defendants Line Drivers, Pickup and Delivery Teamsters Local 741, Teamsters Joint Council No. 28, The Western Conference of Teamsters, Leland Rheaume,* Norman Pollock * and The Labor Management Committee for the States of Wash. and Idaho.

## ORDER

COUGHENOUR, District Judge.

THIS MATTER comes on for hearing on the motion of defendant Transcon Lines, Inc. (Transcon) for summary judgment. The task of this Court is to identify the applicable statute of limitations for an action under § 301(a) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), challenging a "final and binding" grievance committee determination.

Transcon is engaged in the trucking business. Plaintiff Norman Engelsberg was a driver for Transcon from September 6, 1974 to March 14, 1979. Plaintiff was a member of a labor union which had a collective bargaining agreement with Transcon.

On March 14, 1979, plaintiff ceased working for Transcon. Plaintiff asserts he was wrongfully discharged in violation of the collective bargaining agreement. Transcon alleges plaintiff voluntarily resigned.

On March 15, 1979, plaintiff filed a grievance with the union. The grievance was processed in accordance with the procedures established by the collective bargaining agreement. On March 21, a bipartite grievance committee held a hearing on the griev-

---

* NOTE: Defendants Harry James Reynolds, Jr., Leland Rheaume and Norman Pollock were dismissed from the case by an agreed Order signed by Judge Donald S. Voorhees on May 15, 1981. The case was thereafter transferred to Judge John C. Coughenour on October 13, 1981.

ance. Plaintiff and his union representative were afforded an opportunity to participate. On the same day, the committee determined that plaintiff had voluntarily resigned from his employment and voted to deny the grievance. Plaintiff was so informed. By the terms of the collective bargaining agreement, the determination of the committee was "binding and final" on the parties.

Plaintiff filed the present action on September 4, 1980, more than seventeen months after the committee's determination. He asserts that he was wrongfully discharged in breach of the collective bargaining agreement and that the union failed to fairly represent his grievance. Jurisdiction is conferred on this Court by virtue of § 301(a) of the LMRA, 29 U.S.C. § 185(a).

■ Section 301 provides for suits in the district courts for violations of collective bargaining agreements between labor organizations and employers without regard to the amount in controversy. The section also contemplates suits by individual employees to vindicate personal rights including actions for wrongful discharge in violation of the agreement. Courts may not, however, usurp the dispute resolution mechanisms agreed to by the parties. The final adjustment method agreed upon by the parties is the desirable method for settlement of grievance disputes. 29 U.S.C. § 173(d). Courts can effectuate this Congressional policy only if the means chosen by the parties for settlement of their differences is given "full play," *United Steelworkers of America v. American Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960). If the parties have agreed that a determination shall be final, courts should ordinarily not relitigate the merits of the action. Otherwise, the arbitrator's decision would in reality never be final. *See United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

There is an exception, however, if the employee can demonstrate that not only was the collective bargaining agreement breached but the union violated its duty of fair representation.

Because "[t]he collective bargaining system as encouraged by Congress and administered by the NLRB of necessity subordinates the interests of an individual employee to the collective interests of all employees in a bargaining unit," the controlling statutes have long been interpreted as imposing upon the bargaining agent a responsibility equal in scope to its authority, "the responsibility and duty of fair representation."

*Hines, et al. v. Anchor Motor Freight, Inc., et al.*, 424 U.S. 554, 564, 96 S.Ct. 1048, 1056, 47 L.Ed.2d 231 (1976) (citations omitted).

As the *Hines* Court held, an employee may go behind a "final and binding" arbitration determination and obtain relief in federal court when he demonstrates that his union breached its duty of fair representation and that the breach seriously undermined the integrity of the arbitral process.

Theoretically then, plaintiff could bring this suit in federal court since he alleged that the union breached its duty of fair representation. The question is, how long did plaintiff have to commence the action?

■ Congress has not enacted a statute of limitations governing actions brought pursuant to § 301 of the LMRA. With no federal statute of limitations, the timeliness of a § 301 suit is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations. *International Union, UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–705, 86 S.Ct. 1107, 1112–1113, 16 L.Ed.2d 192 (1966). Choice of the appropriate state statute requires that the cause of action be characterized properly. *Price v. Southern Pacific Transportation Co., et al.*, 586 F.2d 750 (9th Cir. 1978).

The proper characterization of the present action was greatly aided by the recent Supreme Court decision in *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). In *Mitchell*, plaintiff filed a § 301 action against his union and his employer alleging

wrongful discharge and breach of the union's duty of fair representation. Both UPS and the union moved for summary judgment on the ground that the action was barred by New York's ninety-day statute of limitations for actions to vacate arbitration awards. The Court of Appeals reversed the District Court's granting of summary judgment, asserting that the Court should have applied the New York six-year limitations period for actions alleging breach of contract. 624 F.2d 394 (2nd Cir. 1980). It reasoned that the suit was analogous to a breach of contract action because the issues were whether the collective bargaining agreement had been breached and whether the union contributed to that breach by failure to discharge its duty of fair representation.

The Supreme Court disagreed with the characterization of the action by the Court of Appeals. To characterize the suit as one for "breach of contract" ignores the significance of the fact that the action was brought pursuant to § 301 of the Labor Management Relations Act. An "indispensable predicate for such an action is not a showing under traditional contract law that the discharge was a breach of the collective-bargaining agreement, but instead a demonstration that the union breached its duty of fair representation." *Mitchell,* 451 U.S. at 62, 101 S.Ct. at 1563–1564. The requirement of a showing that the union had violated its duty of fair representation would stand in the way of any relief regardless of whether the plaintiff alleges breach of the collective bargaining contract, personal injury, action upon a statute, or malpractice. *Mitchell,* 451 U.S. 62, n.4, 101 S.Ct. 1564, n.4. Otherwise, the "binding and final" determination of the arbitration procedure could not be challenged. *Hines, et al. v. Anchor Motor Freight, Inc., et al.,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1964). The *Mitchell* Court concluded that the action was more analogous to an action to vacate an arbitration award than the other alternatives, and imposed the ninety-day New York arbitration statute.

The *Mitchell* decision is dispositive on the characterization issue in the present action.

In order for plaintiff to be entitled to any relief he must be able to set aside the "final and binding" determination of the grievance committee. Washington does not have a statute of limitations for the commencement of suits by employees seeking to set aside determinations of grievance committees. Instead, the Court is directed to look for the statute most closely analogous to the present action. This statute would be something in the nature of a statute applicable to actions to vacate arbitration awards.

Two statutes of limitations have been brought to the Court's attention. Transcon asserts that the Washington arbitration statute of limitations, RCW § 7.04.180, is the statute most appropriate for the present action. That statute would require suit to be commenced within three months after a copy of the arbitrator's decision is delivered to the party or his attorney. The Washington arbitration chapter, however, is inapplicable "to any arbitration agreement between employers and employees or between employers and associations of employees." RCW § 7.04.010. If the arbitration statute is the appropriate state statute of limitations, then this action must be dismissed.

Plaintiff claims the action falls within the ambit of the Washington catchall statute of limitations, RCW § 4.16.130. That statute provides that an action for relief not otherwise provided for shall be commenced within two years after the cause of action shall have accrued. The statute has been applied to actions for liability created by statute if it is not provided for elsewhere. *Lybecker, et al. v. United Pacific Insurance Co., et al.,* 67 Wash.2d 11, 17, 406 P.2d 945 (1965). *Compare Price v. Southern Pacific Transportation Co., et al.,* 586 F.2d 750, 753 (pre-*Mitchell* decision characterizing a § 301 suit as an action "on a statute") with *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 62, n.4, 101 S.Ct. 1564, n.4 (1981) (rejecting the characterization that a suit similar to the present action is an action "on a statute"). If the two-year period is applicable, summary judgment cannot be granted.

As between the two-year catchall statute and the three-month arbitration statute, the Court is of the opinion that the arbitration statute of limitations is the most appropriate state statute. First, as the Supreme Court held in *Mitchell*, an action of this nature is closely analogous to an action to vacate an arbitration award. *Davidson v. Roadway Express, Inc.*, 650 F.2d 902 (7th Cir. 1981) (In light of *Mitchell*, the Seventh Circuit applied the Indiana ninety-day limitations period for actions to vacate an arbitration award in a § 301 suit alleging a union did not fairly represent an employee at a grievance proceeding.). Second, the shorter statutory period effectuates Congressional intent. State law considerations may be displaced where their application would be inconsistent with the federal policy underlying the cause of action under consideration. *Johnson v. Railway Express Agency, et al.*, 421 U.S. 454, 465, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295 (1975). One of the leading federal policies in this area is the relatively rapid disposition of labor disputes. *Mitchell*, 451 U.S. at 62, 101 S.Ct. at 1564. Given the choice between significantly different statutory periods, "there is no reason to inhibit the achievement of an identifiable goal of labor policy by precluding application of the generally shorter limitations provisions." *International Union, UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 707, 86 S.Ct. 1107, 1114, 16 L.Ed.2d 192 (1966). Finally, selection of a catchall statute simply because the action does not "fit" anywhere else is a result to be avoided.

The Court is not unmindful of the fact that RCW 7.04 specifically excludes labor disputes from its application. As the Court held in *Mitchell*, "[t]he fact that an employee could not bring a direct suit to vacate an arbitration award ·[in New York state court], however, does not mean that his § 301 claim, which is successful would have the same effect is not 'closely analogous' to such an action." 451 U.S. 61, n.3, 101 S.Ct. 1563, n.3. Although the position of the plaintiff in *Mitchell* and of plaintiff in the present action are not identical, *compare In re Soto*, 7 N.Y.2d 397, 198 N.Y.S.2d 282, 165 N.E.2d 855 (1960) (employees are precluded from suing under the New York arbitration statute but not unions) with RCW 7.04 (labor disputes are excluded from the statute), the difference does not detract from the fact that the Washington arbitration statute is still the most appropriate. *See Scott v. Chrysler Corp.*, 107 LRRM 3086 (E.D.Mich.1981) (the Michigan arbitration statute was applicable to a § 301 action even though it specifically excluded labor disputes).

The Court recognizes that by selecting RCW § 7.04.180, the fit is not perfect. "But in cases such as this, where generally state limitations periods were enacted prior to the enactment of § 301 by Congress in 1947, we are necessarily committed by prior decisional law to choosing among statutes of limitations none of which fit hand in glove with an action under § 301(a) of the LMRA." *Mitchell*, 451 U.S. at 64, 101 S.Ct. at 1564–1565 (1981). Given the choices present here, and the undesirability of the results of the grievance and arbitral process being suspended in limbo for long periods, the Washington arbitration statute is the most appropriate.

Nonetheless, the Court is bound by the holding in *Singer v. Flying Tiger Line Inc.*, 652 F.2d 1349 (9th Cir. 1981), to apply a two-year statute of limitations for the present action. In *Singer*, the Ninth Circuit held that the *Mitchell* characterization would not be applied retroactively. *Singer* found "that the rule of the *Mitchell* case is not one which might have been anticipated." 652 F.2d at 1353. Plaintiff may have reasonably relied on the Circuit's prior statement in *Price v. Southern Pacific Transportation Co.*, 586 F.2d 750 (9th Cir. 1978), to conclude that he had a longer period in which to commence suit. *Price* held that a § 301 action alleging breach of a union's duty of fair representation was an action "on a statute" and applied the three-year California limitations period. The *Singer* Court held that to apply the *Mitchell* rule retroactively in light of *Price* would be inequitable.

The position of the plaintiff in the present action is similar to that of the plaintiff in *Singer.* Plaintiff may have assumed that the holding in *Price* was still applicable. *Price* held that a § 301 action should be characterized as an action upon a statute. The applicable Washington statute of limitations for suits upon a statute is the two-year limitations period found in RCW § 4.16.130. *Lybecker, et al. v. United Pacific Insurance Co., et al.,* 67 Wash.2d 11, 17, 406 P.2d 945 (1965). That plaintiff may have relied on a longer statutory limitations period is supported by his citing of *Washington v. Northland Marine Co.,* C74–240S (W.D.Wash., July 2, 1980) (The applicable statute of limitations for a § 301 action alleging a union breached its duty of fair representation is the two-year period of RCW 4.16.130.).[1]

In conclusion, the most appropriate state statute of limitations for a suit alleging wrongful discharge in violation of a collective bargaining agreement and breach of a union's duty of fair representation is the Washington arbitration statute. *See United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). *Mitchell* will, however, only be given prospective effect. *Singer v. Flying Tiger Line Inc.,* 652 F.2d 1349 (9th Cir. 1981). Therefore, the applicable statute of limitations for the present action is found in · RCW § 4.16.130.

IT IS HEREBY ORDERED that defendant Transcon's motion for summary judgment is DENIED.

---

**1.** Although neither *Price* nor *Northland Marine* are precisely on point as they both involve a union's failure to process a grievance, plaintiff still might reasonably have believed that he had two years in which to file. *Singer v. Flying Tiger Line Inc.,* 652 F.2d at 1353.