John T. PEREZ

v.

DANA CORPORATION, Parish Frame Division and United Steelworkers of America, Local Union No. 3733.

Civ. A. No. 81-3734.

United States District Court,
E. D. Pennsylvania.

Aug. 13, 1982.

G. A. Gonzalez, Reading, Pa., for plaintiff.

R. E. Lieberman, Chicago, Ill., R. T. Miller, K. H. Decker, Reading, Pa., for Dana Corp.

Joseph Lurie, Philadelphia, Pa., R. J. Brean, Pittsburgh, Pa., for United Steelworkers Local 3733.

MEMORANDUM AND ORDER

TROUTMAN, District Judge.

An altercation, allegedly commencing when a co-worker made derogatory and insulting remarks regarding his Puerto Rican origin, lead to plaintiff's suspension from

his employment at defendant, Dana Corporation (Dana). Plaintiff, seeking to reverse the suspension, filed an appropriate grievance pursuant to the applicable provisions of the collective bargaining agreement. Shortly thereafter, on September 27, 1979, a hearing was held to consider the grievance. After the hearing, plaintiff was fired. At approximately the same time, defendant, United Steelworkers of America, Local Union No. 3733 (Union), advised plaintiff that they would not represent him in the next step of the grievance procedure. Almost two years later, on September 18, 1981, plaintiff instituted this suit which alleges violations of § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and the Civil Rights Act of 1964, § 2000e *et seq.*, (Title VII).

Defendants argue that plaintiff's claim under § 301 is time-barred and that plaintiff's failure to file a charge with the EEOC precludes our consideration of the Title VII claim. We agree and grant their motions to dismiss and for summary judgment for the reasons set forth below.

■ Plaintiff's argument regarding the timeliness of the § 301 claim is essentially two-pronged. He initially asserts that *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) which held that state statutes of limitations governing actions to vacate arbitration awards control the time within which § 301 actions must be filed, governs only those actions which challenge "full-scale arbitration proceedings". Since the Union failed to process his claim through a final, full-scale arbitration proceeding, plaintiff argues that *Mitchell* is inapplicable. Plaintiff additionally asseverates that *Mitchell*, in any case, should only be applied prospectively and, therefore, not bar this suit. *See Chevron Oil v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).

Plaintiff's first argument, that *Mitchell* does not govern where the Union failed to process plaintiff's complaint through all phases of the grievance procedure, has been rejected by Judge McGlynn of this Court and every other court which has had the opportunity to consider it. *See Jenkins v. United Steelworkers of America*, No. 80–721 (E.D.Pa. February 3, 1982) (Bench ruling on Rule 50 motion). *See also Wright v. Monmouth College*, 108 LRRM 2521 (D.N.J. 1981); *Dreher v. Crown Zellerbach Corporation*, No. 80–185LE (D.Or. January 6, 1982) (the distinction which plaintiff draws is of "no consequence"); *Bigbie v. Local 142, International Brotherhood of Teamsters*, 530 F.Supp. 402, 405 (N.D.Ill.1981) ("[I]t is quite irrelevant at what point in the contractual grievance procedure [the] Union's breach of its duty ... occurred); *Ross v. Bethlehem Steel Corp.*, No. JH 81–173 (D.Md. November 25, 1981); *Fields v. Babcock & Wilcox*, No. 81–385 (W.D.Pa. August 31, 1981). We agree with the well-reasoned analysis contained in the cited cases and hold that *Mitchell* applies to § 301 suits irrespective of the Union's failure to process plaintiff's complaints through all phases of the grievance machinery.

■ We also conclude that, upon consideration of the *Chevron Oil* test, that *Mitchell* operates retrospectively and bars the § 301 claim. Generally, decisions will not be retroactively applied where they "overrule clear past precedent" or announce a rule of "first impression" which was not "clearly foreshadowed". Courts should also consider whether retroactive application of the newly announced decision will "further or retard" that rule and, finally, whether retroactive application would create "substantial inequitable results". *Chevron Oil v. Huson*, 404 U.S. at 106–07, 92 S.Ct. at 355–56.

Plaintiff argues valiantly, though unsuccessfully, that the law as to the appropriate statute of limitations was unsettled during the time that the events which gave rise to this lawsuit occurred, that the *Mitchell* rule would not be retarded by its prospective application only and that the equities weigh firmly in his favor.

*Mitchell* did not override "clear past precedent" or announce a rule of law not "clearly foreshadowed". *Liotta v. National Forge Co.*, 629 F.2d 903, 906 (3d Cir. 1980), *cert. denied*, 451 U.S. 970, 101 S.Ct. 2045, 68

L.Ed.2d 348 (1981), anticipating the *Mitchell* court, held that a § 301 action to vacate an arbitration award is governed by the statute of limitations regarding vacation of such awards and not by the longer statute governing contract actions. In so holding, the Court noted that "Courts within this circuit have *consistently* applied the three-month limitation period to suits seeking to vacate an arbitration award". 629 F.2d at 905 (emphasis added). Moreover, "Courts in other jurisdictions have consistently" followed this same precept. 629 F.2d at 906. Additionally, *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), upon which *Mitchell* was predicated, "plainly heralded the likelihood that the state statute of limitations would govern actions brought under Section 301 to vacate or confirm arbitration awards". *Service Employees International Union, Local No. 36 v. Office Center Services, Inc.*, 670 F.2d 404, 413 (3d Cir. 1982). Given the "hierarchical nature of the federal court system", *United States v. Criden*, 681 F.2d 919 at 922 (3d Cir. 1982), we are bound by these pronouncements which establish that *Mitchell* neither "overruled clear past precedent" nor announced a rule of law not "clearly foreshadowed".

Plaintiff does not seriously argue that the second *Chevron Oil* consideration compels retrospective application. However, as defendants point out, failure to give retroactive effect to *Mitchell* would retard its articulated goal of providing for the "relatively rapid disposition of labor disputes". *United Parcel Service v. Mitchell*, 451 U.S. at 63, 101 S.Ct. at 1562 *quoting, UAW v. Hoosier Cardinal Corp.*, 383 U.S. at 707, 86 S.Ct. at 1114.

The third *Chevron Oil* factor, focusing upon equitable considerations, is not so strong as to require that *Mitchell* be only prospectively applied. In so holding, we are cognizant of the fact that plaintiff loses his opportunity to seek redress for the unfair representation which he has allegedly suffered at the Union's hands. However, both the *Mitchell* and *Liotta* courts applied their holdings retroactively to bar the plaintiffs from bringing suit. Surely plaintiff's claim at bar is not so infused with equitable concerns as to warrant a different conclusion.

Our holding that *Mitchell* should be applied retroactively comports with decisional law of the Fourth Circuit. *Delcostello v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America*, 524 F.Supp. 721 (D.Md.1981), aff'd mem., 679 F.2d 879 (4th Cir. 1982) (per curiam). *Accord, Kikos v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America*, 526 F.Supp. 110 (E.D.Mich.1981). True, the Ninth Circuit has held to the contrary, *Singer v. Flying Tiger Line, Inc.*, 652 F.2d 1349 (9th Cir. 1981); *Engelsberg v. Transcon Lines, Inc.*, 530 F.Supp. 628, 632 (W.D.Wash.1982) (expressly relying upon *Singer*) and at least one district court outside of that circuit concurs with its conclusion. *Kennard v. United Parcel Service, Inc.*, 531 F.Supp. 1139 (E.D.Mich.1982). Nevertheless, upon a careful weighing of the *Chevron Oil* factors, we conclude that *Mitchell* should be applied retroactively.

We turn now to the Title VII claim. Plaintiff argues that although he *never* filed a charge with the EEOC, his failure to do so is excusable in light of *Zipes v. Transworld Airlines, Inc.*, —— U.S. ——, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). There, the Supreme Court held that the filing of a timely charge with the EEOC is not a jurisdictional prerequisite; rather, it is subject to equitable tolling considerations much like a statute of limitations. *Id.* 102 S.Ct. at 1132. *Accord, Hart v. J. T. Baker Chemical Co.*, 598 F.2d 829, 832 (3d Cir. 1979).

■ Equitable tolling is warranted, plaintiff argues, even though Dana did not actively conceal or mislead him as to the true reason for the discharge. *See*, Plaintiff's Memorandum in Opposition to Defendants' Motions to Dismiss and/or For Summary Judgment (Document 27) at 3. Equitable tolling under *Zipes* occurred, asserts plaintiff, because he filed a claim of discrimination with the Reading, Pennsylvania Commission of Human Relations. According to plaintiff, this filing satisfies

the twin bases of the statute of limitations: preventing plaintiff from sitting on his rights and assuring the defendant of fairness. *See, School District of City of Allentown v. Marshall*, 657 F.2d 16, 20 (3d Cir. 1981) (equitable tolling may occur where plaintiff has raised "the precise statutory claim in issue but has mistakenly done so in the wrong forum".)

We disagree. *Zipes* held that an untimely EEOC filing does not *per se* create a bar to suit. It did not hold, as plaintiff contends, that an absolute failure to file any charge with the EEOC is excusable. To so hold would render the entire Title VII administrative framework a nullity and permit parties to completely avoid the "administrative pressure to reconcile their dispute". *Bronze Shields, Inc. v. N. J. Department of Civil Service*, 667 F.2d 1074, 1085 (3d Cir. 1981).

Additional reasons support our decision that *Zipes* did not jettison plaintiff's obligation to, at some time, file an administrative charge. *Zipes* observed that the "guiding principle" governing construction of Title VII prevents a strict "technical reading" of the statute which would be "particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process", *Zipes v. Transworld Airlines, Inc.*, — U.S. —, 102 S.Ct. at 1134, 71 L.Ed.2d at 246 (quotations omitted). Here, plaintiff does not dispute defendant's assertion that he was represented by capable counsel during the relevant time period. The short answer is that "[p]laintiffs [who] have been counseled ... by able attorneys ... cannot rely on ... equity" to toll Title VII's administrative requirements. *Bronze Shields, Inc. v. New Jersey Department of Civil Service*, 667 F.2d at 1085. *Accord, Keyse v. California Texas Oil Corp.*, 590 F.2d 45, 47 (2d Cir. 1978) ("tolling would be improper if appellant was represented by counsel"); *Smith v. American President Lines, Ltd.*, 571 F.2d 102, 109–110 (2d Cir. 1979) (same holding).

In the analogous notice requirement context of an action under the Longshoreman's and Harbor Worker's Compensation Act, 33 U.S.C. § 901 *et seq.*, the Third Circuit recently held that, notwithstanding the Act's humanitarian goals, courts may not rewrite the Act and make "what was intended to be a limitation no limitation at all". *Walker v. Sun Ship, Inc.*, 684 F.2d 266, 269 (3d. Cir. 1982), *quoting, Pillsbury v. United Engineering Co.*, 342 U.S. 197, 200, 72 S.Ct. 223, 225, 96 L.Ed. 225 (1952). Because we conclude that we are similarly unable to rewrite Title VII's mandate that a charge must be filed, we grant defendants' motions. An appropriate order will issue.