**DISTRICT COUNCIL 47, American Federation of State, County and Municipal Employees AFL–CIO by its trustees ad litem Thomas Paine Cronin; Joann Bell; Marshall Muldrow; Herman Walker**

v.

**Honorable Edward J. BRADLEY; Honorable Harry A. Takiff; Honorable Nicholas Cipriani; A. Joseph Teti; and Dr. Leonard Rosengarten.**

Civ. A. No. 85–2069.

United States District Court,
E.D. Pennsylvania.

Aug. 15, 1985.

Samuel Issacharoff, Washington, D.C., for plaintiffs.

Warren Laddon, Morgan, Lewis & Bockius, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the court is defendants' motion to dismiss plaintiffs' complaint. For the reasons stated herein, the court will grant defendants' motion and dismiss the complaint for failure to state a claim upon which relief may be granted.

Plaintiffs commenced this action against the Honorable Edward J. Bradley, Honorable Harry A. Takiff, Honorable Nicholas Cipriani, A. Joseph Teti, and Dr. Leonard Rosengarten on April 15, 1985, by filing a complaint and a motion for preliminary injunction. Plaintiffs allege that defendants violated 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, by denying blacks employed as probation officers promotional opportunities in the Court of Common Pleas of Philadelphia based upon alleged discriminatory promotional examinations given on November 7 and 8, 1984. Plaintiffs never filed a discrimination claim with either the Equal Employment Opportunity Commission or the Pennsylvania Human Relations Commission. Plaintiffs seek declaratory, injunctive and monetary relief.

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the court must limit its consideration to the facts alleged in the complaint, *Biesenbach v. Guenther*, 588 F.2d 400, 402 (3d Cir.1978), accepting such facts as true and construing them in a light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *McKnight v. SEPTA*, 583 F.2d 1229, 1235–36 (3d Cir. 1978). The complaint may not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 401–02, 2 L.Ed.2d 80 (1957).

### I.

Count I of plaintiffs' complaint alleges violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* One who alleges a violation of Title VII may not sue in federal court until he has exhausted his administrative remedies. *Wetzel v. Liberty Mutual Insurance Co.*, 511 F.2d 199, 202 (3d Cir.1975); 42 U.S.C. § 2000e–5(e). By its terms, Title VII requires that a timely charge be filed with the Equal Employment Opportunity Commission ("EEOC") before a suit may be initiated in federal court. *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1210 (3d Cir.1984); *Knoll v. Springfield Township School Dist.*, 699 F.2d 137, 145 (3d Cir.1983). If there exists an appropriate state agency, a discrimination charge must *first* be filed, within the state imposed time requirement, with said agency, and a charge cannot be filed with the EEOC until sixty (60) days after proceedings have been commenced before the state agency.[1] *Howze*, 750 F.2d at 1210; *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984); 42 U.S.C. § 2000e–5(c).

---

**1.** The purpose of the sixty day deferral period is to provide the states with a limited opportunity to resolve discrimination claims locally before a

plaintiff is permitted to seek federal administrative relief before the EEOC. *Howze,* 750 F.2d at 1210.

Pennsylvania has such a state agency, to wit, the Pennsylvania Human Relations Commission. Thus, plaintiffs were required under the provisions of Title VII to first file a charge with the Pennsylvania Human Relations Commission and, sixty days later, with the EEOC before seeking relief before this court. These preliminary steps are essential components of Title VII's statutory scheme, which is designed to correct discrimination through administrative conciliation if possible, and only as a last resort through formal court action. *See, e.g., Valente v. Moore Business Forms*, 596 F.Supp. 1280, 1288 (D.Vt.1984); *Patton v. Brown*, 95 F.R.D. 205, 208 (E.D. Pa.1982).

Plaintiffs argue that although they never filed a charge with either the Pennsylvania Human Relations Commission or the EEOC, their failure to do so is excusable in light of the Supreme Court's decision in *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). In *Zipes*, the Supreme Court held that the filing of a timely charge with the EEOC is not a jurisdictional prerequisite, rather, it is in the nature of a statute of limitations "subject to waiver, estoppel, and equitable tolling." *Id.* at 393, 102 S.Ct. at 1132. *Zipes* does not stand for the proposition that administrative filings are no longer prerequisites to bringing a Title VII action in federal court; only that such administrative prerequisites are not "jurisdictional" in nature.

The plaintiff in *Perez v. Dana Corp.*, 545 F.Supp. 950 (E.D.Pa.1982), *aff'd*, 718 F.2d 581 (3d Cir.1983), made the identical argument which plaintiffs make before this court. In *Perez* the court found:

> *Zipes* held that an untimely EEOC filing does not *per se* create a bar to suit. *It did not hold, as plaintiff contends, that an absolute failure to file any charge with the EEOC is excusable. To so hold would render the entire Title VII administrative framework a nullity and permit parties to completely avoid the* "administrative pressure to reconcile their dispute." *Bronze Shields, Inc. v. N.J. Department of Civil Service*, 667 F.2d 1074, 1085 (3d Cir.1981).

. . . . .

In the analogous notice requirement context of an action under the Longshoreman's and Harbor Worker's Compensation Act, 33 U.S.C. § 901 *et seq.*, the Third Circuit recently held that, notwithstanding the Act's humanitarian goals, courts may not rewrite the Act and make "what was intended to be a limitation no limitation at all." *Walker v. Sun Ship, Inc.*, 684 F.2d 266, 269 (3d Cir.1982), *quoting, Pillsbury v. United Engineering Co.*, 342 U.S. 197, 200, 72 S.Ct. 233, 225, 96 L.Ed. 225 (1952). Because we conclude that we are similarly unable to rewrite Title VII's mandate that a charge must be filed, we grant defendants' motions.

545 F.Supp. at 953 (emphasis added).

The Court of Appeals for the Third Circuit, in post-*Zipes* decisions, has continued to require that a complaint must first be filed with the appropriate state and federal administrative agencies before suit can be brought in federal court. In *Knoll v. Springfield Township School Dist.*, 699 F.2d 137 (3d Cir.1983), for example, the Third Circuit, citing *Zipes*, held that the Title VII requirement that a charge be filed with the EEOC "operates as a statute of limitations, such that a complainant's failure to file within this period operates to *bar relief in federal court on the merits.*" *Id.* at 145 (emphasis added). In *Moteles v. University of Pennsylvania*, 730 F.2d 913 (3d Cir.1984), the Third Circuit stated:

> It may well be that the 180-day exhaustion period is not jurisdictional. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *Hart v. J.T. Baker Chemical Corp.*, 598 F.2d 829 (3d Cir.1979); *cf. Occidental Life Insurance Co. v. EEOC*, 432 U.S. 355, 361, 97 S.Ct. 2447, 2451, 53

L.Ed.2d 402 (1977). Even so, premature resort to the district court should be discouraged as contrary to congressional intent. The preference for conciliation as the dispute resolution method in employment discrimination proceedings should not be undermined by a party's deliberate bypass of administrative remedies.

*Id.* at 917. *See also Howze,* 750 F.2d at 1210; *Gooding v. Warner-Lambert Co.,* 744 F.2d 354, 358 (3d Cir.1984); *Waiters,* 729 F.2d at 237.[2]

The court finds, therefore, that plaintiffs' failure to exhaust their administrative remedies necessitates the dismissal of their Title VII claim.

## II.

■ The remaining counts in the complaint allege violations of 42 U.S.C. § 1983. In order to state a claim under § 1983, a plaintiff must set forth, with sufficient factual specificity, the conduct of each individually named defendant alleged to have resulted in a violation of the plaintiff's constitutional rights. *Darr v. Wolfe,* 767 F.2d 79 (3d Cir.1985); *Ross v. Meagan,* 638 F.2d 646, 650 (3d Cir.1981). The court finds that the complaint in this case is wholly lacking in specific facts to support its claim that the named defendants were responsible for the drafting or implementation of the alleged discriminatory examinations. Furthermore, to the extent liability is premised upon a theory of vicarious liability or *respondeat superior,* the complaint must still be dismissed. Liability under § 1983 is personal and cannot be imposed vicariously or upon a theory of *respondeat superior. Hampton v. Holmesburg Prison Officials,* 546 F.2d 1077, 1082 (3d Cir.1976). The complaint must allege direct, personal involvement by the defendant in the alleged unconstitutional conduct, or active knowledge and acquiescence on the defendant's part to such conduct. *Bracey v. Grenoble,* 494 F.2d 566 (3d Cir.1974). No such allegations against any of the defendants are set forth in plaintiffs' complaint.[3] Accordingly, the remaining counts of the complaint will be dismissed.

An appropriate Order will be entered.

---

2. Even under *Zipes,* equitable tolling is not warranted in the present case. Plaintiffs seek injunctive and declaratory relief and monetary damages. Under the doctrine of equitable estoppel the court could decide to entertain plaintiffs' emergency injunctive relief request pending the state administrative proceedings. *See, e.g., Sheehan v. Purolator Courier Corp.,* 676 F.2d 877, 887 (2d Cir.1981). Plaintiffs' failure to file a charge of discrimination with either of the appropriate administrative bodies, however, precludes the court's consideration of the doctrine. As the court in *Kirkland v. Bianco,* 595 F.Supp. 797 (S.D.N.Y.1984), stated:

> Although equitable estoppel may be appropriate in cases such as *Zipes,* it does not apply here because [plaintiff] failed completely either to file a charge of discrimination with the EEOC and State Division of Human Rights before filing suit, or to allege with specificity

and particularity in his amended complaint his reasons for not doing so.

*Id.* at 799, n. 2. *See also Moteles v. University of Pennsylvania,* 730 F.2d 913, 917 (3d Cir.1984).

3. "[T]o the extent that individual supervisory officials may be held liable under § 1983 for knowing acquiescence in procedures which result in constitutional violations ... a plaintiff must identify incidents of unconstitutional subordinates and show an 'affirmative link' between the incidents of misconduct and the complained-of policy or procedure." *Titus v. Newtown Twp.,* No. 84-3692, slip op. at 3 (E.D.Pa. July 24, 1985) (*citing Rizzo v. Goode,* 423 U.S. 362, 371, 96 S.Ct. 598, 604, 46 L.Ed.2d 561 (1976)). No causal connection between any policy or procedure implemented by defendants and any constitutional violation allegedly suffered by plaintiffs has been set forth in the complaint.