762 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BERNICE JACKSON, PLAINTIFF-APPELLANT,
v.
WONDER BREAD, DIVISION OF ITT CONTINENTAL BAKERY, A DELAWARE
CORPORATION AND LOCAL 326, DETROIT BAKERS' UNION, BAKERY AND
CONFECTIONARY WORKERS INTERNATIONAL UNION OF AMERICA,
AFL-CIO, DEFENDANTS-APPELLEES.
 NO. 82-1515
 United States Court of Appeals, Sixth Circuit.
 4/12/85
 ORDER
 
 1
 BEFORE: KENNEDY and CONTIE, Circuit Judges; and KINNEARY, District Judge.*
 
 
 2
 This matter is before the Court upon defendant Wonder Bread's (employer) motion to dismiss and plaintiff's response in opposition thereto. Plaintiff appeals from the district court's grant of summary judgment for defendants in this hybrid section 301/unfair representation case. This case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the motion to dismiss and plaintiff's response in opposition thereto, the briefs and the record, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 On 13 April 1977 the employer terminated plaintiff following an on-the-job altercation with a co-worker. Local 326, Detroit Baker's Union of America, AFL-CIO (union) instituted grievance proceedings. On 20 April 1977 after the initial hearing, the employer affirmed plaintiff's termination. The union processed plaintiff's claim through the first two steps of the grievance procedure, but elected not to arbitrate. On 23 September 1977 plaintiff commenced suit in district court under Sec. 301 of the LMRA, 28 U.S.C. Sec. 185 alleging that the employer breached the collective bargaining agreement and the union breached its duty of fair representation. On 24 May 1978 the suit was dismissed for failure to exhaust internal union remedies. Between 14 June 1978 and 20 February 1979 plaintiff exhausted internal union remedies. The union reaffirmed its decision not to arbitrate plaintiff's grievance.
 
 
 4
 Plaintiff reinstated her lawsuit on 4 March 1981. Defendants moved for summary judgment on the basis that plaintiff's complaint was time-barred for failure to comply with the statute of limitations. The district court found that plaintiff's suit was filed within the three year statute of limitations under M.C.L.A. 600.5805 covering personal injury actions and denied the motion. The court expressly found that the statute of limitations was tolled from 23 September 1977 until 24 May 1978 (8 months) while plaintiff's lawsuit was pending and from 24 June 1978 to 20 February 1979 (8 months) while her intra-union remedies were being exhausted.
 
 
 5
 On 2 June 1982, the employer again moved for summary judgment under Badon v. General Motors, 679 F.2d 93 (6th Cir. 1982). The union joined in the motion. The district court granted the motion on the bases that the lawsuit was time-barred under Badon, and there was no reason not to apply Badon retroactively under the facts of the case. The court also found that there was no equitable reason for the two year delay between exhaustion of internal union remedies and reinstatement of the lawsuit.
 
 
 6
 Upon consideration this Court concludes that summary judgment was properly granted in this case. Initially, the employer's motion to dismiss must be denied because it is essentially a motion to affirm the district court judgment from which plaintiff appeals. Such a motion is not cognizable on appeal. See Sixth Circuit Rule 8(a). However, the judgment of the district court is correct. Although the law has been clarified since the district court rendered its decision, it is settled that a district court judgment may be affirmed on any ground showing that the judgment was correct. Brown v. Allen, 344 U.S. 443, 459 (1983); Whitman v. American Fin. Enterprises, 725 F.2d 394, 395 (6th Cir. 1984).
 
 
 7
 The six month statute of limitations contained in Sec. 10(b) of the NLRA, 29 U.S.C. Sec. 160(b) applies in Sec. 301 cases. DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983). The six month statute of limitations is to be applied to all cases pending when DelCostello was decided. Smith v. General Motors Corp., 747 F.2d 372, 375 (6th Cir. 1984) (en banc). Plaintiff did not reinstate her case in the district court until over twenty-three (23) months after her cause of action accrued. Based on the intervening decisions in DelCostello and Smith v. General Motors her suit was time-barred.
 
 
 8
 It is, therefore, ORDERED that the motion to dismiss is denied and the decision of the district court is affirmed. Sixth Circuit Rule 9(d)(3).
 
 
 
 *
 The Honorable Joseph P. Kinneary, U.S. District Judge for the Southern District of Ohio, sitting by designation