762 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES R. KING, PLAINTIFF-APPELLANT, ROBERT C. MADDY, DAVID
HENDERSON, DON BECHTOL, JACK FRANCK, EUGENE
BORKER, AND RON HAWKINS, INTERVENORS-APPELLANTS,
v.
AVCO NEW IDEA FARM EQUIPMENT, DIVISION THE PAUL REVERE
CORP., UNITED STEELWORKERS OF AMERICA, LOCAL
#4839, DEFENDANTS-APPELLEES.
 NO. 83-3227
 United States Court of Appeals, Sixth Circuit.
 4/22/85
 ORDER
 
 1
 BEFORE: KENNEDY and MILBURN, Circuit Judges; and GUY, District Judge.*
 
 
 2
 This Ohio plaintiff appeals from a district court judgment dismissing his action for being filed beyond the ninety day time-limit provided under Ohio law for filing suits under Sec. 301, 29 U.S.C. Sec. 185, of the Labor Management Relations Act. The suit was filed on April 12, 1982 in state court, and thereafter removed to federal court. The plaintiff charged his employer with breach of a collective bargaining agreement and charged his union with unfair representation.
 
 
 3
 The plaintiff premised his complaint on two distinct episodes of alleged misconduct. First, the plaintiff charged that his recall on April 21, 1981 from a plant-wide layoff was unreasonably delayed in violation of the collective bargaining agreement. He also charges that the union unreasonably refused to file a grievance on his behalf regarding this delay despite his repeated efforts to have a grievance be filed in the weeks that followed his recall on April 21, 1981. Secondly, the plaintiff charged that he was unfairly laid off on June 5, 1981; and, he likewise charges that the union unreasonably refused to file a grievance on his behalf regarding this lay-off.
 
 
 4
 On appeal, the plaintiff argues that he did file his hybrid Sec. 301 suit in a timely manner under either a one year or four year statute of limitations provided under Ohio law. The defendants submit on appeal that the complaint was not filed in a timely manner under authority of DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983).
 
 
 5
 Subsequent to the distrct court's dismissal of the plaintiff's suit, the Supreme Court decided that the six month period contained in section 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b), did apply to control the timeliness of hybrid Sec. 301 suits; DelCostello v. International Brotherhood of Teamsters, supra; and, the Sixth Circuit has decided to apply this decision retroactively. Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc). Under the circumstances of this case, it is clear that the plaintiff filed his suit more than six months after his cause of action accrued and that his suit was, therefore, filed in an untimely manner.
 
 
 6
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment dismissing the plaintiff's complaint is, accordingly, affirmed for the aforementioned reasons pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ralph B. Guy, U.S. District Judge for the Eastern District of Michigan, sitting by designation