767 F.2d 921
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES SPICUZZA, PLAINTIFF-APPELLANT,
v.
ACE HARDWARE, INC.; TEAMSTERS LOCAL 20, DEFENDANTS-APPELLEES.
 NO. 83-3422
 United States Court of Appeals, Sixth Circuit.
 6/7/85
 
 N.D.Ohio
 AFFIRMED
 ORDER
 BEFORE: MERRITT and KENNEDY, Circuit Judges; and WEICK, Senior Circuit Judge.
 
 
 1
 This Ohio plaintiff moves this Court to remand this cause for reconsideration in light of DelCostello v. Teamsters, 462 U.S. 151 (1983). Plaintiff appeals from a district court judgment dismissing his amended complaint filed under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, charging his former employer with breach of the collective bargaining agreement and his union with breach of its duty of fair representation. Plaintiff also claimed that the defendants illegally conspired to deprive him of due process and equal protection under the law in violation of 42 U.S.C. Sec. 1985(3). Plaintiff claims that he was illegally discharged and unfairly represented because he was a political adversary of the union's present administration.
 
 
 2
 Plaintiff's grievance attacking his discharge was ultimately denied on August 14, 1981. He filed his suit in federal court more than three months but less than six months later on January 4, 1982. Upon review of the cause, the district court dismissed plaintiff's hybrid Sec. 301 claim for being filed beyond Ohio's three month statute of limitations. It also concluded that the remedies provided under Sec. 301 of the LMRA and under 42 U.S.C. Sec. 1985(3) were exclusive, and that the plaintiff, therefore, failed to state a cause of action under Sec. 1985(3).
 
 
 3
 Upon consideration of the plaintiff's motion and of the responses and replies submitted in relation thereto, this Court concludes that the plaintiff did file a timely Sec. 301 suit, but that his Sec. 1985(3) claim was properly dismissed for the reasons hereinafter stated. It is now clear that the six month time period contained in Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b), is the applicable period to apply to determine the timeliness of hybrid Sec. 301 suits. DelCostello v. Teamsters, supra; Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc). Under the circumstances of this case, with plaintiff having filed his suit within six months after his hybrid Sec. 301 claim accrued, it is clear that the district court's judgment dismissing this claim must be reversed and the cause be remanded for further consideration.
 
 
 4
 The dismissal of plaintiff's Sec. 1985(3) claim, however, must be affirmed for two reasons. As a claim of denial of his right to express his political views at his place of employment, the claim fails to state a cause of action under Sec. 1985(3) because his right of expression is protected from only governmental and not private encroachment under the first and fourteenth amendments to the Constitution. United Brotherhood of Carpenters v. Scott, 463 U.S. 825 (1983). Secondly, plaintiff's Sec. 1985(3) claim is insufficient because the remedies provided under this section are designed to protect only against invidiously discriminatory animus which is not alleged in this case where one union faction is pitted against another. See Shimman v. Intern. Union of Operating Eng., Local 18, 744 F.2d 1226, 1236-37 (6th Cir. 1984) (en banc), cert. denied, 105 S.Ct. 1191 (1985).
 
 
 5
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment dismissing plaintiff's hybrid Sec. 301 claim is, accordingly, reversed and the cause is hereby remanded for further consideration. Rule 9(d)(4), Rules of the Sixth Circuit. The district court's judgment dismissing plaintiff's claim asserted under 42 U.S.C. Sec. 1985(3), however, is hereby affirmed for the aforementioned reasons pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.