770 F.2d 166
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ELGIN LOCKHART, PLAINTIFF-APPELLANT,
v.
ACCURATE DIE CASTING CO.; CLEVELAND LODGE NO. 439, AKA LOCAL
LODGE NO. 439 INTERNATIONAL ASSOCIATION OF MACHINISTS AND
AEROSPACE WORKERS; DISTRICT 54 INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE WORKERS, DEFENDANTS-APPELLEES.
 NO. 83-3342
 United States Court of Appeals, Sixth Circuit.
 7/1/85
 
 S.D.Ohio
 REVERSED AND REMANDED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
 BEFORE: MILBURN, Circuit Judge; and EDWARDS and BROWN, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff appeals from the district court's judgment granting summary judgments to the defendants and dismissing the plaintiff's hybrid Section 301, Labor Management Relations Act, 29 U.S.C. Sec. 185, action for being time barred. For the reasons hereinafter stated, we reverse and remand this case to the district court.
 
 
 2
 Plaintiff Lockhart ('Employee') was dismissed from his employment with defendant Accurate Die Casting Co. ('Employer') on February 1, 1979, following the discovery of alleged misrepresentations in his employment application. After employee filed a grievance, employer and employee's Unions ('Union') conducted two meetings as required by the collectively bargained-for employment agreement. The second meeting was held on March 8, 1979. At the conclusion of this meeting, although the dismissal stood, employer agreed to consider evidence of past work experience as claimed in the application. Under the terms of the employment contract, any request for arbitration was to be made within thirty (30) days of the conclusion of the second step, and employer was to file an 'answer' within three (3) days of the end of the second meeting. An answer was never filed by employer.
 
 
 3
 On June 1, 1979, employee's attorney met with Union's representatives and was advised that the grievance was 'open.' On June 26, 1979, employee's attorney, by letter to the Union, requested that the grievance be taken to arbitration. Approximately twenty (20) days later, on July 16, 1979, employee's attorney sent a second letter to the Union again requesting arbitration and including some information on employee's previous employment. The Union did not respond to either letter, and on February 1, 1980, employee wrote the Union himself requesting assistance 'in processing my grievance and getting my job back and getting me back pay.'
 
 
 4
 On August 19, 1980, employee filed a motion to proceed In Forma Pauperis, and his hybrid wrongful discharge-unfair representation complaint was lodged with the district court clerk. On September 10, 1980, plaintiff's motion was granted, and his complaint was filed. Thereafter, in granting the defendants' motions for summary judgment, the district court held plaintiff's action to be time barred.
 
 
 5
 The two major issues presented in this appeal are (1) when did employee's actions accrue, and (2) whether equitable tolling principles should have been applied to prevent the action from being time barred.
 
 
 6
 We hold that the decision of the district judge granting the motions for summary judgment of the defendants should be REVERSED and that this cause be REMANDED for reconsideration in light of DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983); and Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc) (as to retroactive application of DelCostello), and on the accrual issue, Shapiro v. Cook United, Inc. ---- F.2d ----, slip op. 83-3087 (6th Cir. May 17, 1985) (per curiam). The district court is directed to conduct a hearing to determine the factual issue of when did the plaintiff discover or reasonably should have discovered that his cause of action had accrued under Shapiro, and the district court should also consider the issue of equitable tolling if applicable.