770 F.2d 165
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
VIVIAN ABBOTT, ET AL., PLAINTIFFS,
PEGGY JOHNSON, LINDA FITZGERALD, PLAINTIFFS-APPELLANTS,
v.
AMALGAMATED CLOTHING & TEXTILE WORKERS UNION, LOCAL 611, ET
AL., DEFENDANTS-APPELLEES.
 NOS. 83-5127, 83-5332
 United States Court of Appeals, Sixth Circuit.
 7/3/85
 
 E.D.Ky.
 VACATED AND REMANDED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY
 Before: MERRITT and CONTIE, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Peggy Johnson appeals[1] the district court's dismissal of her original complaint and her complaint in intervention in this hybrid unfair representation and breach of collective bargaining agreement action brought under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185. The district court's orders were premised on the six month statute of limitations contained in Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b).
 
 
 2
 Johnson along with many of her co-workers, was discharged on April 29, 1981. This group of employees filed a grievance, which the union pursued to arbitration. The arbitrator issued a decision adverse to the employees on August 28, 1981. Forty-three of the approximately fifty discharged employees filed a hybrid Sec. 301 suit on October 16, 1981 (No. 81-172). Johnson, however, was not a plaintiff in this action. On April 28, 1982, Johnson moved to intervenue in Case No. 81-172. On the same day Johnson filed an independent complaint (No. 82-117) asserting claims identical to those contained in No. 81-172. On January 20, 1983 the district court denied the motion to intervene in No. 81-172 on the ground that Johnson's claim was barred by the statute of limitations contained in Sec. 10(b) of the National Labor Relations Act. Case No. 83-5127 is an appeal of that order. On April 15, 1983 the district court dismissed the complaint in No. 82-117 on the same ground. Case No. 83-5332 is an appeal of that order. Thus, although these two appeals arise in slightly different procedural contexts, the underlying legal issues are identical.
 
 
 3
 At the time the district court entered these orders, the law was unsettled on the statute of limitations question. In holding that Sec. 10(b) applied to these claims, the district court relied on Badon v. General Motors Corp., 679 F.2d 93 (6th Cir. 1982). Since that time, the law has become clear. The Supreme Court has held that Sec. 10(b) does provide the statute of limitations for actions of this type. See DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983). This circuit has held that DelCostello applies retroactively. See Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc). It is therefore clear that the district court was correct in holding that Sec. 10(b) applies to this case.
 
 
 4
 Less clear, however, is when Johnson's cause of action accrued. She has alleged that she did not 'learn officially' of the arbitrator's decision until December of 1981. See App. at 41. She admits, however, that prior to that date she heard 'rumors' of the adverse decision. Id. The rule in this circuit is that the statute of limitations in Sec. 10(b) 'begins to run when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation.' Shapiro v. Cook United, Inc., No. 83-3087, slip op. at 3 (6th Cir. May 17, 1985). The district court did not make a finding on when Johnson knew or with diligence should have known of the arbitrator's decision. It is not clear from the record whether Johnson heard these rumors more than six months prior to her initiation of legal action. Nor is it clear whether these rumors carried sufficient indicia of probity to give Johnson knowledge or to trigger a duty of inquiry.
 
 
 5
 We therefore conclude that this case must be returned to the district court to determine when Johnson knew or with reasonable diligence should have known of the arbitrator's decision.[2] Accordingly, the orders denying intervention and dismissing Johnson's complaint are VACATED. The case is REMANDED for further proceedings consistent with this opinion.
 
 
 
 [1]
 Linda Fitzgerald, a co-plaintiff below, also appealed the district court's orders. At oral argument, counsel moved for a voluntary dismissal of Fitzgerald's appeal. We hereby grant this motion and dismiss Fitzgerald as an appellant
 
 
 [2]
 By mentioning certain evidence in the record, we do not mean to limit the parties' proof on this question on remand. We identify this evidence only to demonstrate that the record is inconclusive. On remand, the parties may introduce whatever admissible evidence they can produce which bears on the question of when Johnson knew or with reasonable diligence should have known of the arbitrator's decision