762 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GORDON L. HIGGINS, PLAINTIFF-APPELLANT,
v.
CLAIRMONT TRANSFER COMPANY; LOCAL UNION #89, CENTRAL
DRIVERS, WAREHOUSEMEN AND HELPERS UNION; INTERNATIONAL
BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND
HELPERS OF AMERICA, DEFENDANTS-APPELLEES.
 NO. 83-5671
 United States Court of Appeals, Sixth Circuit.
 4/15/85
 
 ORDER
 BEFORE: MERRITT, KENNEDY and WELLFORD, Circuit Judges.
 
 
 1
 The plaintiff appeals the judgment entered for the defendants in this action asserting a wrongful discharge under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, and a breach of the Union's duty of fair representation. The defendants now move the Court to dismiss the appeal for lack of jurisdiction. That motion was referred to this panel pursuant to Rule 9(a), Rules of Sixth Circuit.
 
 
 2
 The plaintiff was discharged from his job with Clairmont Transfer Co. in April, 1977. He filed a grievance which was denied by a joint grievance committee in May, 1977. He filed the present hybrid Sec. 301/unfair representation action in the district court on January 7, 1981. Although a jury awarded money damages to the plaintiff, the district court entered judgment notwithstanding the verdict for the defendants and this appeal followed.
 
 
 3
 On three separate occasions, the district court addressed the issue of what statute of limitations should apply to this action. It finally concluded that although this Court had held the six-month statute of limitations found in Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b), applicable to hybrid Sec. 301/unfair representation actions, such application was not to be retroactive. It therefore applied a five-year statute of limitations borrowed from Kentucky law.
 
 
 4
 In their present motions, the defendants assert the appeal is now controlled by this Court's recent decision in Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc), which gave retroactive effect to the decision in Del Costello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983), holding Sec. 10(b) applicable to hybrid Sec. 301/unfair representation actions.
 
 
 5
 Pursuant to Rule 8(a), Rules of the Sixth Circuit, a party may file a motion to dismiss only on grounds this Court lacks appellate jurisdiction over an appeal. This Court has such jurisdiction in this appeal. The defendants' motions are in reality motions to affirm the district court's judgment for them on alternative grounds. Such a motion is expressly prohibited under Rule 8(a). Therefore,
 
 
 6
 It is ORDERED that the motions to dismiss be and they hereby are denied.
 
 
 7
 The Court, however, may examine the merits of the appeal sua sponte under Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 8
 The Del Costello and Smith decisions require the application of the Sec. 10(b) six-month statute of limitations to this action. The plaintiff's complaint was filed over three-and-one-half years after his discharge and exhaustion of the grievance proceedings. The plaintiff has not alleged in the district court or in this Court any conduct by the defendants which would cause the statute of limitations to have been tolled so as to make his complaint timely. Nor do we find evidence of any such conduct in the extensive record of this case. Therefore,
 
 
 9
 It is ORDERED that the district court's judgment of May 24, 1983 be and it hereby is vacated and this case is remanded to the district court with directions to dismiss the action as untimely filed under Sec. 10(b). Rule 9(d)(4), Rules of the Sixth Circuit.