762 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 JOHNNY MORRIS, PLAINTIFF-APPELLANT,
v.
REPUBLIC STEEL CORPORATION, UNITED STEELWORKERS OF AMERICA,
LOCAL UNION NO. 1375, DEFENDANTS-APPELLEES.
 NO. 83-3152
 
 1
 United States Court of Appeals, Sixth Circuit.
 
 4/19/85
 ORDER
 
 2
 BEFORE: KENNEDY and MILBURN, Circuit Judges; and GUY, District Judge.*
 
 
 3
 This Ohio plaintiff appeals from a district court judgment dismissing his action for being filed beyond the 90-day time limit provided under Ohio law for filing suits under Sec. 301, 29 U.S.C. Sec. 185 of the Labor Management Relations Act. The suit was filed on September 25, 1981 in state court, and thereafter removed to federal court. Plaintiff charged his former employer and union with breach of a 1974 consent decree entered by the Northern District Court of Alabama, breach of the collective bargaining agreement and unfair representation.
 
 
 4
 Plaintiff premised his complaint on two distinct factual episodes. In the earlier episode, the plaintiff filed a grievance challenging the promotion of a Mr. Eldred Davis in June of 1976 from the position of Helper or Entry Helper to the position of Roller. The grievance was withdrawn by the local union at step three of the grievance process on October 25, 1976. The second episode involves plaintiff's challenge of an arbitration award which ruled that a Mr. Warren Reynolds was entitled to a promotion within a department from which the plaintiff had temporarily transferred and returned to within a grace period which caused the plaintiff to retain his seniority. The grievance focused upon the interpretation of a paragraph in the 1974 consent decree. The grievance was processed to an arbitration award rendered against the plaintiff on January 15, 1979. Due to certain administrative problems, the decision did not become effective until September of 1980 resulting in the plaintiff losing the promotion to Mr. Reynolds.
 
 
 5
 On appeal, the plaintiff states in a memorandum submitted in light of DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983), that this cause should be remanded to the district court for consideration of whether the appropriate time limit was tolled. In support thereof, plaintiff argues that the arbitrator based his decision upon a secret agreement which had been reached between the company and the union, and that he was not given notice of this agreement or of the arbitrator's award.
 
 
 6
 Subsequent to the district court's dismissal of the plaintiff's suit, the Supreme Court decided that the six month time period contained in Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b), applied to control the timeliness of hybrid Sec. 301 suits; DelCostello v. International Brotherhood of Teamsters, supra; and, the Sixth Circuit has decided to apply this decision retroactively. Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc).
 
 
 7
 In light of these developments, the issue in this case becomes whether the plaintiff's cause of action accrued more than six months before he filed his suit, and whether the time period was tolled. This Court concludes that the plaintiff's cause of action did, indeed, accrue well before six months prior to the filing of his suit on September 25, 1981, and that the time period was not tolled for any reason. Plaintiff does not submit any argument to challenge the conclusion that his cause of action had accrued regarding the earlier episode near or at the time the union withdrew his grievance in October of 1976. Clearly, he should reasonably have known that he lost his grievance several years before he filed his suit. See Metz v. Tootsie Roll Industries, Inc., 715 F.2d 299, 304 (7th Cir. 1983); N.L.R.B. v. Allied Prod. Corp., Richard Bros. Div., 548 F.2d 644 (6th Cir. 1977). Regarding the second episode, he also clearly should reasonably have known that his grievance was of no avail when he lost his job effective September of 1980. Although he may not have received notice of the arbitrator's award when it was decided in January of 1979, he certainly received actual notice of the decision when it became effective in September of 1980. Regarding his claim that he was also not given notice of an alleged secret agreement which served as the basis of the arbitrator's award, the plaintiff states at page five of his appellate brief that he became aware of this agreement in December of 1980. At the very latest, his cause of action, therefore, accrued at this time which is also well before six months prior to the filing of this suit. Under these circumstances, it is apparent that the plaintiff filed his suit in an untimely manner. See Metz v. Tootsie Roll Industries, Inc., supra.
 
 
 8
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed for the aforementioned reasons pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ralph B. Guy, U.S. District Judge for the Eastern District of Michigan, sitting by designation