765 F.2d 145
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHARLES MASTERS, PLAINTIFF-APPELLANT,
v.
WHITTAKER STEEL AND UNITED STEELWORKERS OF AMERICA,
AFL-CIO-CLC, LOCAL UNION #1358, DEFENDANTS-APPELLEES.
 NO. 82-1869
 United States Court of Appeals, Sixth Circuit.
 5/2/85
 
 ORDER
 BEFORE: LIVELY, Chief Judge; JONES, Circuit Judge; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 The plaintiff appeals the summary judgment for defendants in his action asserting wrongful discharge under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, and breach of the Union's duty of fair representation. The plaintiff now moves the Court for leave to proceed on appeal in forma pauperis and for appointment of counsel. Those motions were referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 The plaintiff was discharged from his employment with Whittaker Steel Company on April 20, 1979. He claims he asked officials of Local 1358 of the United Steelworkers to file a grievance, but the latter refused to do so. On August 29, 1980, he filed this hybrid Sec. 301/unfair representation action in the Circuit Court of Wayne County, Michigan. After the action was removed to federal district court, the defendants filed motions for summary judgment on grounds the complaint was not filed within the applicable six-month statute of limitations found in Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b). The district court agreed and entered the summary judgment now being appealed.
 
 
 3
 Following the docketing of this appeal, the Supreme Court held in Del Costello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983), that the Sec. 10(b) statute of limitations applied to all hybrid Sec. 301/unfair representation actions. In Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc), this Court held the Del Costello decision was to be given retroactive effect.
 
 
 4
 This action was filed sixteen months after the plaintiff's discharge and the Union's alleged refusal to file a grievance on the plaintiff's behalf. The plaintiff presents no issue of tolling nor does the record reveal any alleged acts on the part of the defendants which would have tolled the statute of limitations. The plaintiff's action is time-barred. Therefore,
 
 
 5
 It is ORDERED that the motions for leave to proceed on appeal in forma pauperis and for appointment of counsel be and they hereby are denied.
 
 
 6
 Upon examination of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. Accordingly,
 
 
 7
 It is further ORDERED that the district court's judgment of November 12, 1982 be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.