765 F.2d 146
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FORREST STEWART, PLAINTIFF-APPELLANT,
v.
CYLINDER GAS, CHEMICAL, PETROLEUM, AUTO SERVICE & ACCESSORY
DRIVERS, ETC., LOCAL UNION NO. 283, AND DETROIT
OXYGEN & ACETYLENE CO., A MICHIGAN
CORPORATION, DEFENDANTS-APPELLEES.
 NO. 83-1009
 United States Court of Appeals, Sixth Circuit.
 5/7/85
 
 ORDER
 BEFORE: JONES and KRUPANSKY, Circuit Judges; and PHILLIPS, Senior Circuit Judge.
 
 
 1
 The plaintiff appeals the summary judgment for the defendants in this action claiming his former employer breached the terms of a collective bargaining agreement by not paying certain benefits thereunder in violation of Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, and his Union breached its duty of fair representation. The appeal was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff last worked on April 23, 1976. When his employer failed to pay certain benefits claimed by the plaintiff under the collective bargaining agreement, he filed a grievance. The Local Union obtained a pension for the plaintiff, but informed the plaintiff on July 17, 1980 that it would not pursue further his other claims for benefits. The present action was filed in a state court on April 21, 1982 and removed to federal district court. The district court granted summary judgment to the defendants on grounds the action had not been timely filed under the six-month statute of limitations found in Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b). This timely appeal followed.
 
 
 3
 During the pendency of this appeal, the Supreme Court held in Del Costello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983), that the Sec. 10(b) six-month statute of limitations applied to all hybrid Sec. 301/unfair representation actions. In Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc), this Court held Del Costello was to be given retroactive effect.
 
 
 4
 The plaintiff filed his complaint over twenty-one months after his cause of action accrued, i.e., when the Local Union informed him it would not proceed further with his grievance. He does not assert and the record does not suggest any acts by the defendants which would have caused the six-month statute of limitations to have been tolled. His action was therefore time-barred. Accordingly,
 
 
 5
 It is ORDERED that the district court's judgment of December 10, 1982 be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.