767 F.2d 919
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 EARL J. BOURGUIN, PLAINTIFF-APPELLANT,
v.
PROPHET FOODS COMPANY, PRESENTLY GREYHOUND FOOD MANAGEMENT,
INC., A MICHIGAN CORPORATION, JOHN WILLIAMS VENDING MANAGER,
NICK ZLONTEVICZ, DISTRICT MANAGER, UNITED CATERING,
RESTAURANT BAR AND HOTEL WORKERS, LOCAL 1064, RWDSU,
AFL-CIO, CHARLES MARCH, GRIEVANCE REPRESENTATIVE, AND PAUL
DOMENY, LOCAL 1064, GENERAL SECRETARY, DEFENDANTS-APPELLEES.
 
 NO. 83-1248
 United States Court of Appeals, Sixth Circuit.
 6/7/85
 E.D.Mich.
 AFFIRMED
 ORDER
 BEFORE: KENNEDY and WELLFORD, Circuit Judges; and WEICK, Senior Circuit Judge.
 
 
 1
 The plaintiff appeals the summary judgment for the defendants in this hybrid action for wrongful discharge under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, and for breach of the Union's duty of fair representation. The appeal was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff was discharged from his employment with defendant Prophet Foods Company on January 22, 1981. He filed a grievance which the Union pursued to arbitration. The arbitrator issued a decision on July 29, 1981 sustaining the discharge and thereby ending the grievance proceedings.
 
 
 3
 The present action was filed in state court on May 6, 1982. Upon having the action removed to federal district court, the defendants moved for summary judgment on grounds the complaint was not filed within the applicable six-month statute of limitations found in Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b). The district court agreed and entered summary judgment for the defendants. This timely appeal followed the denial of a motion for rehearing.
 
 
 4
 The plaintiff argues on appeal that the district court erred in applying a six-month statute of limitations to his action. This issue is now controlled by the Supreme Court's decision in Del Costello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983), which held Sec. 10(b) applicable to all hybrid Sec. 301/unfair representation actions. In Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc), this Court held the Del Costello decision was to be given retroactive effect.
 
 
 5
 In this case, the plaintiff filed his complaint over eight months after his cause of action accrued. He asserts no acts by the defendants which would have caused the running of the statute of limitations to be tolled. His action is time-barred. Therefore,
 
 
 6
 It is ORDERED that the district court's judgment of October 14, 1982 be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.