772 F.2d 905
 120 L.R.R.M. (BNA) 3216
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HERBERT ALLAH (SHABASS), PLAINTIFF-APPELLANT,
v.
UNITED STATES POSTAL SERVICE; NATIONAL POST OFFICE MAIL
HANDLERS, WATCHMEN MESSENGERS & GROUP LEADERS,
DIVISION OF THE LABORERS' INTERNATIONAL
UNION OF NORTH AMERICA,
AFL-CIO, DEFENDANTS-APPELLEES.
 NO. 82-5630
 United States Court of Appeals, Sixth Circuit.
 8/22/85
 
 W.D.Tenn.
 AFFIRMED
 On Appeal from the District Court for the Western District of Tennessee, Western Division
 BEFORE: KENNEDY and KRUPANSKY, Circuit Judges; DOWD,* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff filed suit under Sec. 301 of the Labor-Management Relations Act (LMRA), 29 U.S.C. Sec. 185, to recover damages for alleged unlawful suspensions and discharge by defendant United States Postal Service (Post Office), and for breach by defendant National Post Office Mail Handlers, Watchmen, Messengers & Group Leaders Division of the Laborers' International Union of North America, AFL-CIO (Union) of its duty of fair representation, and for reinstatement by the Post Office. Plaintiff alleged that his suspension and discharge were motivated by religious discrimination because of his adherence to the Black Muslim faith, in contravention of provisions of the collective bargaining agreement governing his employment with the Post Office. He appeals from the orders of the District Court granting summary judgment in defendants' favor.
 
 I.
 
 2
 A threshold issue in this case is the governing statute of limitations applicable to plaintiff's claim. His complaint was filed September 25, 1980. It cites nine suspensions, which were alleged to have been imposed between July 22, 1977 and March 22, 1980, and his discharge, effective June 6, 1980. The District Court held that Tennessee's one-year tort statute of limitations was applicable to Section 301 claims against both unions and employers, and found that plaintiff's complaint was time-barred as to seven of the nine suspensions, which had been imposed prior to 1980. On appeal, plaintiff contends that the six-year statute of limitations applicable to contract claims should have been applied; defendants rightly respond that the six-month statute of limitations provided by Sec. 10(b) of the LMRA governs this action. See DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983); Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc). Application of the shorter six-month statute of limitations would bar plaintiff's claim respecting any incident occurring prior to March 25, 1980. Arguably, however, such application would not affect the timeliness of his claim respecting his January 31, 1980 and March 22, 1980 suspensions, which were considered by the District Court, since the January suspension was arbitrated July 15, 1980, and the March 22, 1980 suspension was for 14 days and thus extended into the limitations period. However, it is not necessary to resolve whether his claim is timely respecting these suspensions, since summary judgment was clearly appropriate.
 
 II.
 
 3
 The District Court applied the proper legal standard in considering defendants' motions for summary judgment, stating that the determinative question for the court in deciding a Rule 56 motion is whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. The court found that the allegations in plaintiff's affidavit in opposition to summary judgment failed to raise an issue of fact which, if found in his favor, would entitle him to relief.
 
 
 4
 Plaintiff's January 31, 1980 suspension was arbitrated July 15, 1980, and his discharge was arbitrated November 4, 1980.[1] He received written notice of both hearings, and was represented at each by Jewell Reed, administrative vice president of the union local to which plaintiff belonged. Plaintiff's affidavit, which tracks the language of his complaint, alleges that these matters were not discussed with him prior to the hearings and that Reed failed to call witnesses on his behalf. He also alleges that he was not allowed to be present while evidence was being taken during the July 15 hearing, and thus was unable to properly defend himself.
 
 
 5
 'A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.' Vaca v. Sipes, 386 U.S. 171, 190 (1967). While 'a union may not arbitrarily ignore a meritorious grievance or process it in perfunctory fashion,' id. at 191, '[n]egligence, poor judgment or ineptitude are insufficient, standing alone, to establish a breach of the duty of fair representation.' Journeymen Pipe Fitters Local 392 v. N.L.R.B., 712 F.2d 225, 229 (6th Cir. 1983) (per curiam). Thus, as correctly observed by the District Court, plaintiff's late arrival at the suspension hearing (even if it were the fault of the Union, which is not alleged), the alleged failure to discuss the grievances with him prior to the hearings, and failure to present witnesses on his behalf, where plaintiff failed to state who such witnesses were or how they would support his position, and Reed stated in his affidavit that he was unaware of any evidence other than that presented at the hearings supporting plaintiff's claim, are not determinative of whether there has been a breach by the Union of its duty of fair representation. Since plaintiff had the opportunity to present his arguments at both hearings, such failures would not constitute a breach of the Union's duty of fair representation absent a showing that they undermined the fundamental fairness of the hearings. See Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 568-71 (1976); Findley v. Jones Motor Freight, 639 F.2d 953, 959-60 (3d Cir. 1981).
 
 
 6
 The District Court correctly held that employer liability for breach of a labor contract providing a grievance and arbitration procedure for the resolution of covered disputes is predicated on a showing that the union breached its duty of fair representation. See United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, 61-62 (1981). Since the Union did not breach its duty of fair representation respecting plaintiff's January 1980 suspension or discharge, no Sec. 301 claim may be brought against the Postal Service on these grounds. Nor, as the District Court held, may plaintiff prevail against either the Union or the Post Office on his March 1980 suspension, since he has alleged no facts that would tend to show that the union breached its duty of fair representation respecting this incident.[2]
 
 III.
 
 7
 The remainder of appellant's allegations of error may be disposed of readily. His only other contention relevant to the merits of the appeal is that the wrong law was applied, in that 39 U.S.C. Sec. 1208(b) rather than LMRA Sec. 301 governs his claim. However, Sec. 1208(b) is merely the analogue of Sec. 301(a) of the LMRA. Lawson v. Truck Drivers, Local Union 100, 698 F.2d 250, 255 (6th Cir. 1983). The same result is reached under either statute.
 
 
 8
 The remainder of plaintiff's contentions pertain to the alleged negligence of his attorney in presenting his case in the District Court, including his attorney's failure to file suit under Title VII as well as Sec. 301, and failure to be present at the hearing on the motions for summary judgment (in fact, there was no oral hearing on the motions). Regardless of the merits of these and related arguments, they were never presented to the District Court and cannot be raised for the first time on appeal.
 
 
 9
 The judgments of the District Court are AFFIRMED.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Court for the Northern District of Ohio, sitting by designation
 
 
 [1]
 He was suspended for insubordination, after refusing to carry out a work assignment after mandatory overtime had been called. He was discharged for refusing to report for a fitness for duty examination ordered after he took one week off from work at the recommendation of his doctor because of psychiatric problems. The arbitrator's hearing decision on his discharge states that '[f]ull opportunity to present witnesses, evidence and argument was afforded each party at the hearing,' that the Union argued that grievant's discharge and prior suspensions 'were arbitrary, capricious and punitive, as well as discriminatory by reason of his religious ideology, therefore not for just cause,' that the Post Office was justified in ordering the fitness for duty exam, and that 'the evidence does not show the removal was arbitrary or punitive or for the religious activity of the grievant.'
 
 
 [2]
 The sole reference to this suspension in the record is in p VII of plaintiff's complaint, in which he lists 9 suspensions that he alleges were imposed 'also without just cause . . . and alleges that the true reason for his suspensions was that he was a member of the Black Muslim religion.'