779 F.2d 50
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHRISTINE GREEN, Plaintiff-Appellant,
v.
OWENS-ILLINOIS CO.; AMERICAN FLINT GLASS WORKERS UNION OF
NORTH AMERICA, AFL-CIO, LOCAL 700; AMERICAN FLINT
GLASS WORKERS UNION OF NORTH AMERICA,
AFL-CIO, Defendants-Appellees.
 84-3131
 United States Court of Appeals, Sixth Circuit.
 10/17/85
 
 AFFIRMED
 N.D.Ohio
 On Appeal from the United States District Court for the Northern District of Ohio
 Before: ENGEL and KEITH, Circuit Judges; and WISEMAN,* District Judge.
 PER CURIAM.
 
 
 1
 Petitioner Christine Green appeals the decision of the United States District Court for the Northern District of Ohio granting the motion for summary judgment filed by defendants Owens-Illinois, Co., American Flint Glass Workers Union, AFL-CIO Local 700, and American Glass Workers AFL-CIO (International), on her claims of discriminatory discharge under 42 U.S.C. Secs. 1981, 1985, and on her claims under section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. Sec. 185(a) for breach of the collective bargaining agreement and breach of the duty of fair representation.
 
 
 2
 On July 6, 1970, Green obtained employment with Owens, eventually reaching the position of shop committee person. She was discharged along with her daughter, Claudia, and Paulette Randleman for 'instigating a disturbance, fighting, and bearing weapons on company property at approximately 7:00 a.m., Sunday, April 21, 1974.' On April 26, the Union initiated proceedings under a four-step grievance process. During the proceedings, Green's daughter's discharge was reduced to a disciplinary suspension. On May 31, 1974, the International decided not to pursue Green's grievance to the fourth stage--arbitration. After filing unsuccessful claims with the Ohio Board of Employment Services, the Ohio Civil Rights Commission and the Lucas County Court of Common Pleas, Green initiated the instant action on October 25, 1977.
 
 
 3
 The district court found the facts uncontroverted and held that Green's discharge was for just cause. It further held Green's section 301 claims to be barred by the ninety day Ohio statute of limitations for claims pertaining to the vacation of arbitration awards. The court refused to retroactively apply the Supreme Court's decision in DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151 (1983), which provided for a six-month federal statute of limitations in section 301 actions.
 
 
 4
 The court has ruled that DelCostello is to be applied retroactively, Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984). Petitioner's section 301 claim, therefore, remains barred since the six-month limitation had run before she commenced her action.
 
 
 5
 With respect to petitioner's claim under 42 U.S.C. Sec. 1981, the court concludes that the district court was clearly correct and that the grant of summary judgment thereon was not error. The affidavits and other evidence submitted fully satisfy the court that plaintiff could submit no set of facts entitling her to prevail were the case to go to trial on her claims under sections 1981 and 1985. In this respect the district judge properly concluded that the uncontroverted facts in the case conclusively indicated that the plaintiff's discharge was for cause and was wholly unconnected with any claim of pretext masking a discriminatory intent.
 
 
 6
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Court for the Middle District of Tennessee, sitting by designation